IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Allen Leffler,<br><br>            Petitioner,<br>vs.<br><br>Charles L. Ryan, et. al,<br><br>            Respondents. | No. CV-13-8008-PCT-ROS (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Pursuant to 28 U.S.C. § 2254, Petitioner George Allen Leffler (Petitioner) has filed a *pro se* Petition for Writ of Habeas Corpus asserting one claim of ineffective assistance of trial counsel. (Doc. 1.) Respondents contend that the Petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which provides the statute of limitations applicable to state prisoners seeking federal habeas corpus relief. (Doc. 11.) Alternatively, Respondents argue that because Petitioner did not properly present his claim to the Arizona Court of Appeals, and he cannot return to state court to do so now, federal habeas corpus review is procedurally barred. (Doc. 11.) In his reply, Petitioner opposes Respondents' assertions and argues that he is entitled to relief on the merits of his claim. (Doc. 12.) For the reasons set forth below, the Court finds the Petition untimely under the AEDPA and will not reach Respondents' alternative arguments.

I.   **Factual and Procedural Background**

    A.   **Indictment, Plea, and Sentencing**

In June 2005, Petitioner was indicted by a grand jury in the Navajo County Superior Court (superior court), on two counts of sexual conduct with a minor (Counts 1 and 3), one count of child molestation (Count 2), and one count of continuous sexual abuse of a child (Count 4). (Ex. A.)[1] On July 17, 2007, Petitioner pleaded no contest to one count of sexual conduct with a minor, one count of attempted molestation of a child, and one count of attempted sexual contact with a minor. (Ex. B.) On September 19, 2007, the superior court sentenced Petitioner to a "flat term" of twenty years' imprisonment on Count 1, as amended by the plea agreement (Ex. C), and to lifetime probation on Counts 2 and 3, as amended by the plea agreement. (Ex. D.)

    B.   **Rule 32 Of-Right Proceeding**

Because he pleaded guilty, Petitioner's only avenue of direct review was an 'of right" proceeding under Arizona Rule of Criminal Procedure 32. *See* Ariz. Rev. Stat. § 13-4033(B) ("[I]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement . . . ."); Ariz. R. Crim. P. 32.1 ("[a]ny person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding known as a Rule 32 of-right proceeding"). On November 13, 2007, Petitioner filed a notice and petition of post-conviction relief pursuant to Rule 32.[2] (Ex. E.)

---

[1] Citations to "Ex." are to exhibits to Respondents' Limited Answer to Petition for Writ of Habeas Corpus, which are located at docket 11-1.

[2] Petitioner also requested the appointment of counsel and the superior court granted that request. (Exs. E and F.) On Petitioner's motion, On August 25, 2009, the superior court "vacate[d] the appointment of [attorney] Ackerly" and appointed attorney Bob Hitchcock to represent Petitioner. (Ex. I.) On September 14, 2009, Hitchcock moved to withdraw as counsel and requested that the superior court assign Petitioner a new attorney. (Ex. J.) Three days later, the superior court granted Hitchcock's motion and appointed Shawn Taylor to represent Petitioner. (Ex. K.) On November 9, 2009, Taylor filed a "notice to court" advising that Petitioner "wishe[d] to represent himself through the Rule 32 proceedings." (Ex. L.) At a status conference on November 23, 2009, the superior court granted Petitioner's motion to represent himself and appointed Taylor as advisory counsel. (Ex. M.)

1   During an August 17, 2010 evidentiary hearing to consider the merits of the petition, Petitioner moved to withdraw his petition and the superior court granted the motion. (Ex. P.) On September 3, 2010, Petitioner filed a "Motion to Withdraw" his previous "request to withdraw his rule 32" petition. (Ex. S.) The superior court summarily denied Petitioner's motion on October 13, 2010. (Ex. T.) Petitioner filed a request for reconsideration on November 17, 2010 (Ex. U), which the court denied on December 7, 2010. (Ex. V.)

On January 10, 2011, Petitioner filed a petition for review in the Arizona Court of Appeals (court of appeals), seeking review of "his claims that the sentence he was given by the trial court is unenforceable." (Ex. W.) Petitioner also asserted that during the August 17, 2010 evidentiary hearing, the prosecutor threatened to withdraw the plea agreement unless Petitioner withdrew his Rule 32 of-right petition. (Ex. W.) On January 26, 2011, the court of appeals dismissed Petitioner's appeal pursuant to Rule 32.9(c) because the superior court had not entered any final order in the post-conviction relief proceedings. (Ex. X.)

On June 25, 2012, Petitioner filed a "petition for status update" in the superior court asserting that his "motion to withdraw his withdrawal," which he filed on September 3, 2010, "ha[d] not received a response."[3] (Ex. Y.) On July 23, 2012, the superior court issued an order informing Petitioner that it had ruled on his "previous request" on December 7, 2010, which is the date the superior court denied Petitioner's motion for reconsideration of the order denying his "motion to withdraw his withdrawal." (Ex. Z.) On December 17, 2012, Petitioner filed the pending Petition in this Court asserting one claim of ineffective assistance of trial counsel.[4] (Doc. 1. at 6.)

---

[3] Although Petitioner asserted that he had not received a ruling on his September 3, 2010 "motion to withdraw his withdrawal," the superior court denied that motion on October 13, 2010 (Ex. T), and Petitioner filed a motion for reconsideration of that denial on November 17, 2010. (Ex. V.)

[4] The Petition was filed on January 10, 2013, but is dated December 17, 2012, which is the date the Court deems the filing date. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); (Doc. 11 at 5 n.2).

- 3 -

## II. Statute of Limitations

The AEDPA provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). That period generally commences on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Respondents contend that Petitioner's pending Petition is untimely because it was not filed within one year of the date on which his challenged convictions "became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1), and because he has not established a basis for tolling the limitations period. As set forth below, the Court recommends that the Petition be dismissed as untimely.

### A. Commencement of the Limitations Period

To assess the timeliness of the pending Petition the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading no contest, Petitioner waived his right to a direct appeal under Arizona law. *See* Ariz. Rev. Stat. §13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Rule 32, which is the functional equivalent of a direct appeal. *See* Ariz. R. Crim. P. 32.1 and 32.4.; *Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) (noting that Arizona courts consider Rule 32 of-right proceedings a form of direct review). Because Petitioner pleaded no contest, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *See Summers*, 481 F.3d at 711, 716-17 ("Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A).").

Here, Petitioner pleaded no contest and was sentenced on September 14, 2007. (Exs. B-D.) Petitioner timely commenced a Rule 32 of-right proceeding by filing a notice and petition for post-conviction relief on November 13, 2007. (Ex. E.) *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed

1  within ninety days after the entry of judgment and sentence or within thirty days after the
2  issuance of the final order or mandate by the appellate court in the petitioner's first
3  petition for post-conviction relief proceeding."). On August 17, 2010, the superior court
4  granted Petitioner's motion to withdraw his petition. (Exs. O, P.) On January 10, 2011,
5  Petitioner filed a petition for review in the Arizona Court of Appeals, which was denied
6  on January 26, 2011. (Ex. X.)

Respondents assert that the pending Petition is time barred because the AEDPA's one-year statute of limitations expired on August 17, 2011. (Doc. 11 at 5.) Respondents argue, without citation to authority, that the statute of limitations commenced on August 17, 2010 when the superior court granted Petitioner's motion to withdraw his Rule 32 of-right petition and the proceeding "concluded." (Doc. 11 at 8.) Under Ninth Circuit precedent, however, Petitioner's conviction became final upon "the conclusion of the Rule 32 of-right proceeding *and review of the proceeding*." *See Summers*, 481 F.3d at 711 (emphasis added); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (for purposes of § 2244(d)(1)(A) direct review is final upon conclusion of direct review or the time to seek such review).

Here, after Petitioner withdrew his Rule 32 of-right petition, he sought appellate review arguing that he had been forced to withdraw his Rule 32 of-right petition. The court of appeals denied review on January 26, 2011. Petitioner had thirty days in which to seek review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.19(a). Because Petitioner did not seek review in the Arizona Supreme Court, his conviction became final on February 25, 2011. *See Hemmerle*, 495 F.3d at 1074 (direct review was final on the "date [petitioner] allowed his time for seeking review of the Arizona Court of Appeals decision in the Arizona Supreme Court to expire."). Accordingly, the ADEPA limitations commenced on February 25, 2011, and expired one year later, on February 25, 2012. Therefore, the pending Petition, filed over nine months later on December 17, 2012, is untimely absent statutory or equitable tolling.

### B. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (stating that an application for collateral review is pending in state court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings."). Here, after the conclusion of Petitioner's Rule 32 of-right proceeding, Petitioner did not pursue post-conviction relief in state court. Accordingly, statutory tolling is unavailable. Thus, the Court will consider whether equitable tolling applies.

### C. Equitable Tolling

The AEDPA limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, ___ U.S.___, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S. Ct. at 2565 (internal citations and quotations omitted). Whether to apply the doctrine of equitable tolling "'is highly fact-dependent,' and [the petitioner] 'bears the burden of showing that equitable tolling is appropriate.'" *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005) (internal citations omitted). "When considering whether to apply equitable tolling, the Supreme Court has emphasized the need for 'flexibility' and for 'avoiding mechanical rules.'" *Nedds v. Calderon*, 678 F.3d 777, 780 (9th Cir. 2012) (quoting *Holland*, 130 S. Ct. at 2563).

#### 1. Access to Documents

The circumstances of this case do not support a finding that Petitioner diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing

his § 2254 petition. In the Petition, to explain the timing of its filing, Petitioner asserts that "[d]ue to the nature of the case there has been [three] seperate [sic] county prosecutors involved. Time to gather all documents from each county has caused this delay." (Doc. 1 at 8.) Thus, liberally construing the Petition, it appears that Petitioner asserts that he was unable to timely file his § 2254 Petition because of delays obtaining documents.

The Ninth Circuit has held that "denial of access to legal files may in some cases constitute 'the type of external impediment for which we [grant] equitable tolling.'" *Chafer v. Prosper,* 592 F.3d 1046, 1049 (9th Cir. 2010) (quoting *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1013 (9th Cir. 2009)). A petitioner's allegations, however, must be sufficient to establish that he was denied access to a particular document that he needed to file his petition. *See Chafer*, 592 F.3d at 1049 (finding petitioner's allegations that he lacked access to his legal files the entire time his inmate law clerk was working on his petition were insufficient to establish equitable tolling). Thus, as the Ninth Circuit has repeatedly held, "the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Ariz. Atty. Gen.,* 499 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted); *see also Green v. Hornbreak*, 312 Fed. Appx. 915, 916 (9th Cir. 2009) (holding that equitable tolling did not apply when petitioner alleged she was denied access to her legal file because petitioner did not demonstrate how the files "were necessary to her habeas petition such that their absence constituted an extraordinary circumstance preventing her from filing" and she "provided no concrete examples of the kind of information she was seeking — and ultimately obtained — from those documents.").

Here, Petitioner does not identify any documents that he needed to file his Petition, but that he could not obtain or was delayed in obtaining. He does not specify the length of any period of delay in obtaining documents or identify when he obtained the necessary documents that allowed him to file his Petition. And he does not explain any attempts he made to obtain documents or explain how those attempts were delayed or

1    denied.  In sum, Petitioner's general assertion that the time needed to gather documents
2    delayed the filing of the Petition does not establish that he pursued his rights diligently or
3    that his efforts were impeded by some extraordinary circumstance.  Therefore, the Court
4    finds that any delays in obtaining documents did not prevent Petitioner from timely filing
5    his § 2254 Petition and thus equitable tolling does not apply to excuse the untimely filing.

**2.      Knowledge of State Court Ruling**

In his reply, Petitioner also asserts that on June 25, 2012, he filed a "petition for status update" in the superior court requesting a ruling on his "motion to withdraw his withdrawal," which he had filed on September 3, 2010 and which he asserts did "not receive a response."  (Doc. 12 at 2; Ex. Y.)  Thus, Petitioner may be claiming that equitable tolling should apply because the superior court did not rule on September 3, 2010 "motion to withdraw his withdrawal" or that he did not receive the superior court's ruling on that motion.  This claim, however, would fail because the superior court denied Petitioner's "motion to withdraw his withdrawal" on October 13, 2010.  (Ex. T.)  The record establishes that Petitioner received the October 13, 2010 order denying his "motion to withdraw his withdrawal" because on November 17, 2010 he filed a motion requesting that the superior court reconsider its October 13, 2010 order denying his "motion to withdraw his withdrawal."  (Ex. W.)

In response to Petitioner's June 25, 2012 "petition for status update," the superior court issued an order notifying Petitioner that it had ruled on his "previous request" on December 7, 2010.  (Ex. Z.)  Thus, the superior court directed Petitioner to its December 7, 2010 order (Ex. V) denying his motion for reconsideration of its October 13, 2010 order denying his "motion to withdraw his withdrawal."  (Ex. U.)  Therefore, the Court construes Petitioner's reply as arguing that he could not timely file his § 2254 Petition because he did not know of the superior court's ruling on his motion for reconsideration of its order denying his "motion to withdraw his withdrawal" of his Rule 32 of-right petition.  (Doc. 12 at 2.)

The Ninth Circuit has held that "'a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter.'" *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)); *see also Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008) (collecting cases for proposition that "prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period").

To determine whether equitable tolling applies in such circumstances, the court should consider: (1) when the petitioner actually received notice of the state court's decision; (2) whether petitioner "acted diligently to obtain notice"; and (3) "whether the alleged delay of notice caused the untimeliness of his filing and made timely filing impossible." *Ramirez*, 571 F.3d at 998 (internal citations omitted).  Delay alone does not warrant equitable tolling.  Petitioner must also show that he acted diligently; for example, that "he made any attempt to check on the status of his petition before he received the notice." *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (holding that a twenty-one month delay in inquiring about status of post-conviction action did not constitute the requisite diligence).

Here, Petitioner does not allege that he did not receive notice of the order dismissing the appeal of his Rule 32 of-right proceeding, and it is this order from the court of appeals that triggered the AEDPA statute of limitations.  Rather, he argues that he did not receive timely notice of the December 7, 2010 order from the superior court denying his motion for reconsideration of the court's earlier order denying his "motion to withdraw the withdrawal" of his petition for post-conviction relief.  Even assuming that the superior court's denial of Petitioner's motion for reconsideration was a final order under state law, Petitioner does not explain why he was able to file an appeal of his Rule 32 of-right proceeding on January 10, 2011 (Ex. W), over a year and a half before he allegedly received notice of the superior court's ruling on his motion for reconsideration on July 23, 2012 (Ex. Z), but was unable to file a § 2254 petition until

after he had that notice. Therefore, the Court finds that the lack of notice of the superior court's ruling on Petitioner's motion for reconsideration of the denial of his "motion to withdraw his withdrawal" was not an extraordinary circumstance that prevented him from filing a timely § 2254 petition.

Additionally, there is no evidence that Petitioner acted diligently to determine the status of his motion for reconsideration. *See Woodward*, 263 F.3d at 1143. Petitioner does not assert that he made any effort to determine the status of the ruling on that motion until June 25, 2012 — over a year and a half after he filed it on November 17, 2010. (Ex. U); *see also Kennedy v. Hernandez*, 2008 WL 4378183, at *7-8 (C.D. Cal. Aug. 25, 2008) (petitioner did not establish requisite diligence when he made no attempt to ascertain status of state habeas petition and learned of denial of that petition over one-and-a-half years after filing the petition and over eight months after it had been denied). The record does not establish that Petitioner exercised the requisite diligence for equitable tolling or that an extraordinary circumstance prevented him from filing a timely § 2254 petition.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal be denied because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. Rule 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 17th day of October, 2013.

_____
Bridget S. Bade
United States Magistrate Judge